**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4713**

_____

UNITED STATES OF AMERICA,

               Plaintiff – Appellee,

     v.

LORETTA MEREDITH,

               Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. Irene M. Keeley, District Judge. (1:13-cr-00017-IMK-JSK-2)

_____

Submitted: February 9, 2015       Decided: February 12, 2015

_____

Before KING, GREGORY, and WYNN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Charles T. Berry, Fairmont, West Virginia, for Appellant. Shawn Angus Morgan, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Loretta Meredith appeals the district court's criminal judgment sentencing her to one year and one day of imprisonment for conspiring to knowingly and corruptly attempt to obstruct, influence, and impede an official proceeding, in violation of 18 U.S.C. § 1512(c)(2) and (k) (2012). In accordance with Anders v. California, 386 U.S. 738 (1967), counsel for Meredith filed a brief certifying that there are no meritorious grounds for appeal but questioning whether the district court (1) wrongly increased the base offense level for Meredith's Guidelines range for substantially interfering with the administration of justice, (2) clearly erred in increasing the base offense level for Meredith's Guidelines range because the offense was extensive in scope, planning, or preparation, or (3) imposed an unreasonable sentence. Although advised of her right to do so, Meredith did not file a pro se supplemental brief. We affirm.

In determining whether the district court properly applied a sentencing enhancement, this court "review[s] factual findings for clear error and legal conclusions de novo." United States v. Adepoju, 756 F.3d 250, 256 (4th Cir. 2014).

Meredith first questions whether the district court improperly enhanced her sentence because "the offense resulted in substantial interference with the administration of justice."

2

U.S. Sentencing Guidelines Manual (USSG) § 2J1.2(b)(2). "'Substantial interference with the administration of justice' includes . . . the unnecessary expenditure of substantial governmental or court resources." USSG § 2J1.2 cmt. n.1.

Our review of the record reflects that the district court properly increased Meredith's offense level for substantial interference with the administration of justice. Because significant government resources were invested to resolve Meredith's attempts at obstruction, the district court did not clearly err in this conclusion. Nor did the district court erroneously "double-count" by applying the enhancement even though she was convicted of obstruction of justice. See United States v. Dudley, 941 F.2d 260, 264 (4th Cir. 1991) (defendant may properly receive "substantial interference with the administration of justice" enhancement for underlying perjury offense).

Meredith next questions whether the district court clearly erred in enhancing her sentence because her offense "(A) involved the destruction, alteration, or fabrication of a substantial number of records, documents, or tangible objects; . . . or (C) was otherwise extensive in scope, planning, or preparation." USSG § 2J1.2(b)(3). After reviewing the record, we hold that the district court appropriately applied this enhancement. Meredith's attempts at obstruction were extensive

3

in scope, planning, and preparation. Accordingly, given the statute's disjunctive construction, whether she fabricated a "substantial number" of documents is immaterial.

Finally, we review Meredith's sentence for reasonableness using an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). We must first review for "significant procedural error," including "improperly calculating[] the Guidelines range, . . . failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51.

If we find no procedural error, we examine the substantive reasonableness of the sentence under "the totality of the circumstances." Gall, 552 U.S. at 51. The sentence imposed must be "sufficient, but not greater than necessary[,]" to satisfy the goals of sentencing. See § 3553(a). We presume on appeal that a sentence below or within a properly calculated Guidelines range is reasonable. United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted). The defendant bears the burden to rebut the presumption by showing "that the sentence is unreasonable when measured against the § 3553(a) factors." Id.

Meredith received an adequate, individualized explanation of her below-Guidelines sentence. Our review of the

4

record leads us to conclude that her sentence was neither procedurally nor substantively unreasonable.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Meredith, in writing, of her right to petition the Supreme Court of the United States for further review. If she requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the appellant.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>